UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 05-34-HRW

TONY D. JOHNSON,                                                    PLAINTIFF,

v.                      **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,              DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to challenge a final decision of the Defendant denying Plaintiff's application for a period of disability and disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed his current application for a period of disability and disability insurance benefits on September 25, 2002, alleging disability beginning on August 1, 2000, due to migraines, back and neck injuries, depression, hand numbness, dizziness, and black outs (Tr. 63, 65). The application was denied initially and on reconsideration (Tr. 23, 25, 36-39, 42-45). On November 7, 2003, Administrative

Law Judge James D. Kemper, Jr. (hereinafter "ALJ") held an administrative hearing (ST 1). At the hearing, claimant, accompanied by counsel, testified, as did Dwight McMillion, a vocational expert (hereinafter "VE") (ST 1).

Plaintiff was thirty-eight years old at the time of the hearing decision (Tr. 58-60) and has the equivalent of a high school education (Tr. 381, 423-24). His past relevant work experience consists of work as a carpenter and truck driver (Tr. 81, 139).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent

> him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On January 16, 2004, the ALJ issued his unfavorable decision finding that Plaintiff was not disabled (ST 8). At Step 1 of the sequential analysis, the ALJ found that Plaintiff has not engaged in substantial gainful activity since August 15, 2000, the alleged onset date of disability (ST 2). The ALJ then determined, at Step 2, that Plaintiff suffers from degenerative disc disease of the cervical spine, migraine headaches, and seizure disorder, all conditions which he found to be "severe" within the meaning of the Regulations (ST 3). At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments in Appendix 1, Subpart P, Regulation No. 4 (ST 3). The ALJ determined at Step 4 that Plaintiff could not perform any of his past relevant work during the period at issue (ST 6). However, the ALJ concluded, at Step 5, that Plaintiff retained the residual functional capacity, reduced by certain exertional and non-exertional limitations, to perform a significant range of light work and sedentary work, as identified by the VE and within the framework of the Medical-Vocational Guidelines (ST 6-7). Accordingly, the ALJ found that Plaintiff was not disabled at Step 5 of the sequential evaluation process (ST 7).

The Appeals Council denied Plaintiff's request for review and adopted the

ALJ's decision as the final decision of the Commissioner on December 16, 2004 (Tr. 5). Thereafter, Plaintiff filed this civil action, seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Record Nos. 12 and 13], and this matter is ripe for decision.

## II.  ANALYSIS

### A.    Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence

supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B.    Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because, in determining that Plaintiff retained the residual functional capacity ("RFC") to perform a significant range of light work: (1) the ALJ failed to perform a proper credibility assessment; and (2) the ALJ failed to accurately consider the combination of all of Plaintiff's impairments.

### C.    Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ failed to perform a proper credibility assessment in determining his RFC. The Court disagrees.

The ALJ determined that Plaintiff was not disabled at step 5 of the five-step sequential evaluation process because Plaintiff retained the RFC to perform a significant range of light work. Specifically, the ALJ found that Plaintiff retains the RFC to lift or carry twenty pounds occasionally and ten pounds frequently, that Plaintiff can only occasionally reach overhead, crouch, and crawl, that Plaintiff can never climb ladders, ropes, or scaffolds, and that Plaintiff should avoid all hazards (ST 6). While the ALJ determined that Plaintiff's impairments are established by the objective medical evidence (ST 3, 7), the ALJ declined to accept that such

impairments are of the degree of severity alleged by Plaintiff (ST 7). Rather, the ALJ considered and made reductions to Plaintiff's RFC based upon Plaintiff's demeanor as a witness (ST 5), finding Plaintiff's "credibility as a witness to be only 'fair' and his demeanor during the hearing consistent with the limitations established in his RFC." (ST 5). The ALJ further found Plaintiff's allegations of disabling pain to be unsupported by the medical evidence and inconsistent with Plaintiff's daily activities (ST 5).

The Court finds that the ALJ's assessment of Plaintiff's RFC is properly supported by substantial evidence. It is well-established that "[a]n individuals statements as to 'pain or other symptoms will not alone establish that [she is] disabled.'" *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997), quoting 20 C.F.R. § 404.1529(a). Rather, "[i]n evaluating complaints of pain, an ALJ may properly consider the credibility of the claimant," and the ALJ's findings "based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness' demeanor and credibility." *Id*. In reviewing the ALJ's decision, courts must employ "a two-prong test to evaluate a claimant's assertions of disabling pain." *Id*. First, courts must consider "whether there is objective medical evidence of an underlying medical condition." *Id*. If there is such evidence, "we then

examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the disabling pain." *Id*.

Plaintiff argues the ALJ erred in disregarding the medical evidence and finding Plaintiff's claims of disabling pain to be only fairly credible. Contrary to Plaintiff's assertions, the Court finds that the ALJ properly considered the medical evidence as well as Plaintiff's testimony, and concluded that Plaintiff's subjective allegations of disabling pain and limitations were inconsistent with the medical and other evidence of record and Plaintiff's daily activities (ST 5, 8). First, the ALJ noted Plaintiff's contention that his physician will not give him prescription pain medication because Plaintiff will feel better and do work or activities that will be harmful. The ALJ found this statement to be unreasonable and inconsistent with evidence that claimant was released to light work. The ALJ also pointed out that claimant's treating neurosurgeon had stated that Plaintiff's MRI and CT scan results "were an incidental part of a normal variation of the population," and noted that Plaintiff had not treated since September 2002.

Finally, the ALJ found it inconceivable that Plaintiff is suffering from chronic pain but is nonetheless capable of taking his children to school, doing

laundry, and helping coach baseball. Plaintiff argues that, in this respect, the ALJ improperly "assumed" that Plaintiff did not experience the level of pain and limitations alleged because these daily activities do not indicate "any level of functioning on a sustained basis or for any prolonged period of time." Moreover, Plaintiff asserts that the ALJ improperly relied on one medical note indicating that Plaintiff could return to light duty work, even though Dr. Bansal and Dr. Powell indicated that Plaintiff could not return to work and/or maintain any sustained work.

The Court finds Plaintiff's contention to be without merit. Under the regulations, the ALJ has the ultimate responsibility of assessing a claimant's RFC; thus, even though statements from medical sources about what a claimant can still do are important evidence, they are not determinative. See 20 C.F.R. §§ 404.1513(b), 404.1527, 404.1545, 404.1546(c), 416.913(b), 416.927, 416.945, 416.946(c). Indeed, "[o]pinions on some issues," such as a claimant's RFC, "are not medical opinions," ... "but are, instead, opinions on issues reserved for the Commissioner because they are administrative findings that are dispositive of a case, i.e., that would direct the determination or decision of disability." 20 C.F.F. § 404.1527(e). Thus, while an ALJ will consider opinions from medical sources on such issues as a claimant's RFC, "the final responsibility for deciding these issues

is reserved for the Commissioner." 20 C.F.R. § 404.1527(e)(2).  The ALJ's assessment of Plaintiff's RFC should also include an evaluation of Plaintiff's subjective complaints, in accordance with 20 C.F.R. §§ 404.1529, 416.929. *See also*, *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847 (6th Cir. 1986).  In addition to judging credibility, the ALJ is charged with weighing the evidence before him. *Meyers v. Richardson*, 471 F.2d 1265, 1267 (6th Cir. 1972).

Here, the ALJ properly weighed the objective medical evidence, Plaintiff's subjective complaints of pain, and Plaintiff's daily activities in determining Plaintiff to be only fairly credible.  As correctly noted by Defendant, the ALJ "may consider household and social activities in evaluating complaints of disabling pain. *See*, *Blacha v. Secretary of Health and Human Services*, 927 F.2d 228, 231 (6th Cir. 1990).  The ALJ articulated the reasons for his credibility assessment resultant RFC determination.  Based on the evidence of record, the Court finds that the ALJ's credibility assessment is supported by substantial evidence, and is entitled to deference.  The Court will now address the Plaintiff's second claim of error.

Plaintiff's second claim of error is that the ALJ failed to accurately consider the combination of all of Plaintiff's impairments.  Specifically, Plaintiff claims that the ALJ did not adequately consider his migraines, which occur frequently and average a four to five, on a one to ten pain scale.  Plaintiff also contends that the

ALJ did not properly address his seizure disorder, neck and arm pain, and "did not consider any psychological impairment."

This claim is without merit. As correctly pointed out by the Defendant, the Sixth Circuit has held that the Commissioner adequately considers impairments in combination when he refers to impairments (plural), determines a claimant's RFC with regard to multiple impairments, and poses a hypothetical question that accommodates those impairments. *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990). Here, the Court finds that ALJ properly evaluated the totality of Plaintiff's mental and physical impairments and incorporated those impairments in his RFC finding, and in the hypothetical question to the VE (P. 6, 8), (Tr. 6, 8), (Tr. 424). It is well-established that the ALJ may pose hypothetical questions to a vocational expert and need only incorporate those limitations accepted as credible by the finder of fact. *See*, *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993). The ALJ may rely on a vocational expert's testimony in response to a hypothetical question if the question accurately portrays plaintiff's physical and mental impairments. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987).

In determining Plaintiff's RFC, upon which he based his hypothetical questions to the VE, the ALJ noted that Plaintiff's examination on January 10,

2001, revealed no neurological, sensory, or strength abnormalities; that Plaintiff's EMG of January 9, 2002, was normal; and that Plaintiff's MRI findings were "incidental to part of a normal variation of the population." Further, while Plaintiff reported occasional seizures on March 13, 2001, Plaintiff's treating physician opined that the seizure disorder was under "excellent" control, an opinion expressed through January 2002. The ALJ noted that Plaintiff only has migraine headaches with too much exertion or when he is exposed to bright lights and that Plaintiff merely uses over-the-counter medication for these headaches. Finally, the ALJ addressed Plaintiff's psychological impairments by adopting the non-exertional limitations cited by the state agency consultants. Accordingly, the Court finds that the ALJ's determination that the combination of Plaintiff's impairments do not preclude him from performing a significant range of light work is supported by substantial evidence.

As stated *supra*, the ALJ's decision is not subject to reversal, "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997). The Plaintiff has failed to prove that the ALJ did not reach his conclusion based on substantial evidence.

### III. CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This October 20, 2005.



Signed By:
*Henry R Wilhoit Jr.*
United States District Judge